SERGI, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO,
APPELLEE.

(Decided October 30, 1939.)

*Mr. Abe Levin* and *Mr. D. F. Rendinell*, for appellant.

*Mr. Thomas J. Herbert*, attorney general, and *Mr. E. P. Felker*, for appellee.

CARTER, J. The parties will be designated as claimant and commission. Claimant alleges in his petition that on August 21, 1931, while in the course of his employment with E. O. Radebaugh & Sons, contributors to the State Insurance Fund, he sustained an injury consisting of a strain in the region of the abdomen, right hip, right thigh, leg and inguinal hernia while lifting metal forms; that he filed with the Industrial Commission his application for compensation on August 26, 1931, and was awarded compensation to December 30, 1934; and that on February 10, 1937, he filed an application for modification of award seeking further compensation claiming further disablement

due to limitation of motion of the knee and thigh, which he claims was due to the injury he received on August 21, 1931. This application for modification came on for hearing on May 20, 1937, at which time the commission made an order finding that claimant's disability was not the result of the injury sustained on August 21, 1931, and dismissed his application. On June 8, 1937, claimant filed with the commission his application for rehearing which was granted by the commission, and testimony was taken thereon before a referee. Subsequent to the rehearing the following entry was made by the commission:

"Claim be allowed on rehearing; claimant referred to the medical department for review with authority, if deemed advisable, to refer claimant for special examination by proper specialists to determine the extent of disability. When report is filed, claim be again scheduled for hearing with notice to parties."

The next entry made by the commission as disclosed by the record is as follows:

"This claim having been allowed on rehearing, and after an examination made by Dr. Stern, in order to determine the extent of the claimant's disability, and for the purpose of paying compensation, after allowance of the claim on rehearing, and Dr. Stern having reported that the claimant had made a physical recovery from whatever injury he sustained on August 28, 1931, and further that his present limitation of motion in the knee and hip joints are due to voluntary restrictions, it is the order of the commission that no further compensation be paid. Counsel for claimant notes exceptions to the commission basing its order on Dr. Stern's written report."

Thereupon in due time claimant filed his petition in the Court of Common Pleas appealing from that order and for a determination of his right to participate in the Workmen's Compensation Fund. To this petition a demurrer was filed by the defendant on the ground

that the Court of Common Pleas had no jurisdiction of the subject matter of the action, and that the petition did not contain facts sufficient to constitute a cause of action. This demurrer was sustained by the Common Pleas Court, and the claimant's petition dismissed. Appeal is prosecuted to this court.

It must be remembered that this injury occurred in 1931, and we must examine the law in effect at that time.

Section 1465-90 of the General Code in force at the time of the injury provided as follows:

"In all claims for compensation on account of injury, or death resulting therefrom, if the commission finds that it has no jurisdiction of the claim and has no authority thereby to inquire into the extent of disability or the amount of compensation, and denies the right of the claimant to receive compensation or to continue to receive compensation for such reason, then the claimant may within thirty days after receipt of notice of such finding of the commission, file an application with the commission for a rehearing of his claim, whereupon the former action of the commission thereon shall be vacated and the commission shall fix a date for rehearing of such claim * * *."

"If the commission, after such hearing, finds that it has no jurisdiction of the claim and no authority to inquire into the extent of disability or amount of compensation claimed, then the claimant, within sixty days after receipt of notice of such action of the commission, may file a petition in the Common Pleas Court of the county wherein the injury was inflicted, or in the Common Pleas Court of the county wherein the contract of employment was made in cases where the injury occurs outside the state of Ohio."

On rehearing the commission allowed the claim and claimant was referred to the medical department with authority if deemed advisable to refer claimant for special examination by proper specialists to determine

the extent of disability, and when the report was filed the claim was to be again scheduled for hearing with notice to parties. Following this order the commission entered upon its records the finding that claimant had made a physical recovery from whatever injury he sustained on August 21, 1931, and found that his present limitation of motion in the knee and hip joints is due to voluntary restriction and that no further compensation be paid.

To say the least this was a double-barreled order. However an examination of this entry satisfies this court that the commission, when it included therein the order that claimant's present limitation of motion in the knee and hip joints is due to voluntary restrictions, made a finding that claimant's present disability was not due to the injury received in 1931, and when the commission made such a finding it, by reason thereof, had no jurisdiction to inquire into the extent of the disability, and that by reason thereof disposition of the case was made on jurisdictional grounds. This was the very basis of claimant's contention, to wit, that his present disability was due to the injury he received in 1931. It is urged that, the commission having allowed the claim on rehearing, there is nothing for a jury to determine. However if the jury upon hearing determines that claimant has a right to participate in the fund, by such finding that body as a condition precedent to the returning of the verdict favorable to claimant would be compelled to find that claimant's present disability was brought about directly and proximately by reason of the injury received in 1931, the very fact determined adversely to claimant by the commission.

While there was no formal vacation of the commission's order made on rehearing wherein that body allowed the claim, such order was vacated, in our opinion, by the subsequent entry of the commission wherein that body, in substance, found that claimant's pres-

ent limitation of motion is due to voluntary restriction. A case bearing somewhat on the issues involved in the case at bar is *Araca* v. *Industrial Commission*, 125 Ohio St., 426, 181 N. E., 870.

We think a cause of action is set out in the petition and that the court has jurisdiction of the subject-matter. The lower court was in error in sustaining the demurrer to the petition. The judgment is reversed and the cause remanded to the Common Pleas Court with instructions to overrule the demurrer.

*Judgment reversed and cause remanded.*

NICHOLS, P. J., concurs.
PHILLIPS, J., not participating.